UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KHADER AZZEH,

       Plaintiff,

v.

GALAXY TELECOM SERVICES, INC.
a Florida company, SALVATORE LINARY,
an individual,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Khader Azzeh ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, Galaxy Telecom Services, Inc. and Salvatore Linary (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action by Plaintiff against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., as well as unpaid wages pursuant to Chapter 448, Florida Statutes. Plaintiff seeks damages and reasonable attorney's fees, expenses, together with other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this case arises under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA"), as well as a Florida state law cause of action that arises out of the same operative facts as Plaintiff's claims under the FLSA.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)

because Plaintiff was employed by Defendants in a location within this district and a substantial amount of the actions at issue occurred in this district.

## THE PARTIES

4. At all times, Plaintiff, Khader Azzeh, was a resident of Broward County, Florida, and an "employee" of Defendants within the meaning of the FLSA.

5. Defendant, Galaxy Telecom Services, Inc., is a for profit corporation operating in Broward County, Florida, existing under the laws of the State of Florida, and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

6. Defendant, Salvatore Linary ("Linary") was an individual resident of the State of Florida, who supervised Plaintiff as the CEO of the company, and who regularly exercised the authority to: (a) hire and fire employees of Galaxy Telecom Services, Inc.; (b) determine the work schedules for the employees of Galaxy Telecom Services, Inc.; and (c) control the operations of Galaxy Telecom Services, Inc.

7. At all material times relevant to this action, Defendants were an enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

8. At all material times relevant to this action, Defendants made gross earnings of at least $500,000.00 annually.

9. At all material times relevant to this action, Defendants had two or more employees engaged in commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

10. Plaintiff was an employee of Defendants and was individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

11. At all times material hereto, the work performed by Plaintiff was directly essential

to the business performed by Defendants.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendants from approximately September 2011 through May, 6 2016.

13. Plaintiff did not have the authority to hire or fire any of Defendants' employees.

14. Plaintiff did not have the authority to discipline any of Defendants' employees.

15. Defendants agreed to pay Plaintiff an annual salary of $78,000.00 in exchange for a forty (40) hour per week schedule.

16. Additionally, Defendants agreed to reimburse Plaintiff for certain expenses including, but not limited to, travel expenses, tolls, parking, meals, and materials.

17. Throughout his employment, however, Plaintiff generally worked in excess of forty (40) hours per week.

18. Defendants initially compensated Plaintiff on a weekly basis.

19. On or about March 15, 2015, Plaintiff agreed to modify his payment schedule from weekly to bi-monthly to accommodate Defendants' request.

20. The parties agreed that Plaintiff's annual salary of $78,000.00 would not to be affected by the change to bi-monthly payments.

21. Defendants failed to compensate Plaintiff the full amount owed to him—paying Plaintiff based on an annual salary of $73,000.00 rather than the agreed upon $78,000.00—for each work week after March 15, 2015.

22. Plaintiff did not become aware of the discrepancy in his pay until August 2015.

23. Plaintiff complained about the discrepancy in his pay to Defendants and was assured that he would be paid everything owed, including the unpaid wages, by the end of

December 2015.

24. Defendants also failed to compensate Plaintiff at the rate of one and one-half times his effective hourly rate for those hours worked in excess of forty (40) hours per week.

25. Plaintiff does not meet any of the requirements to be classified as exempt from receiving overtime payments for those hours worked in excess of forty (40) hours per week.

26. Throughout Plaintiff's employment, Plaintiff worked overtime hours but did not receive the required one and one-half times the minimum wage for those hours worked in excess of forty (40) hours per week.

27. Documentation evidencing the number of hours worked by Plaintiff and the compensation actually paid to Plaintiff is in the possession, custody, and control of Defendants.

28. Plaintiff has retained the undersigned law firm to represent him in this matter and has agreed to pay the law firm a reasonable fee for its services.

29. Although Plaintiff began working for Defendants in September 2011, Plaintiff is only seeking compensation for hours worked in the past three (3) years.

## **COUNT I - UNPAID OVERTIME WAGES**

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29, as if fully set forth herein.

31. Throughout Plaintiff's employment, Defendants repeatedly and willfully violated § 207 of FLSA by failing to compensate Plaintiff, at a rate not less than one and one-half times the regular rate at which he was employed, for work weeks longer than forty (40) hours.

32. Defendants did not act in good faith or reliance upon any of the following in formulating its decision to improperly compensate Plaintiff the appropriate overtime rate for hours worked in excess of forty (40) hours per week: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et*

*seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**WHEREFORE**, Plaintiff demands a judgment against Defendants for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interests;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA LAW

33. Plaintiff realleges and incorporate paragraphs 1 through 29, as if fully set forth herein.

34. This is an action brought pursuant to Florida Statutes Chapter 448.

35. After switching Plaintiff to a bi-monthly payment schedule on or about March 15, 2015, Defendants failed to fully compensate Plaintiff in accordance with the agreed upon annual salary of $78,000.00.

36. Defendants wrongfully withheld these wages from Plaintiff.

37. Plaintiff has neither waived nor forfeited his right to receive these wages from Defendants.

38. Plaintiff is seeking unpaid wages in the form of the difference of what he was actually paid, based on annual salary of $72,000.00, and what he should have been paid based on his annual salary of $78,000.00, for the time period of March 15, 2015 through May 6, 2016.

39. Additionally, Defendants failed to reimburse Plaintiff for travel expenses, tolls, parking, meals, and materials, all of which Plaintiff had agreed to reimburse.

40. Defendants wrongfully withheld these reimbursements from Plaintiff.

41. Plaintiff has neither waived nor forfeited his right to receive these reimbursements from Defendants.

42. Plaintiff is seeking at least $11,418.09 in unpaid reimbursable expenses from Defendants.

43. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff seeks an order requiring Defendants to pay Plaintiff the value of his unpaid wages plus prejudgment interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Dated: February 8, 2017

Respectfully Submitted,

*/s/ Gustavo A. Bravo*
Gustavo A. Bravo
Florida Bar No.: 551287
gbravo@lawbravo.com
Richard A. McEachin
Florida Bar No.: 107368
richard@lawbravo.com

**BRAVO LAW**
Plantation Corporate Center
Two S. University Drive, Suite 304
Plantation, FL 33324
Telephone: (954) 790-6711
Facsimile: (954) 790-6722

*Attorneys for Plaintiff, Khader Azzeh*