**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Galaxy Telecom Services, Inc. ("Galaxy Telecom") and Salvatore Linary ("Linary") (collectively referred to throughout this Agreement as the "Defendants") and Khader Azzeh, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Azzeh"), agree that:

WHEREAS, Azzeh filed an action captioned <u>Khader Azzeh vs. Galaxy Telecom Services, Inc. and Salvatore Linary</u>, which is currently pending in the United States District Court for the Southern District of Florida, Case No. 17-60306-CIV-DIMITROULEAS (the "Action") in which he brings claims for alleged: (1) violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"); (2) unpaid wages under Florida law; (3) promissory estoppel under Florida law; and (4) unjust enrichment under Florida law;

WHEREAS, Defendants alleged in response that Azzeh was properly classified as an independent contractor providing services for Galaxy Telecom, however Defendants now agree that they failed to pay Azzeh monies lawfully owed under the FLSA and Florida law.

WHEREAS, Azzeh has consulted with counsel and determined, with full advice of counsel, to knowingly and voluntarily enter into this Settlement Agreement and General Release (the "Agreement");

NOW THEREFORE, in consideration of the terms and conditions hereafter set forth and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Consideration.** In consideration for signing this Agreement, and for compliance with the promises made herein, Defendants agree to pay Thirty-Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00) as follows:

    a.  A check payable to Azzeh in the amount of Twenty-Eight Thousand Five Hundred Dollars and Zero Cents ($28,500.00), as (i) full and final settlement of all claims alleged in the Action and (ii) additional consideration for the general release of claims as set forth in Paragraph 3 of this Agreement. An IRS Form 1099 will be provided to Azzeh for this amount; and

    b.  A check payable to Bravo Law (Federal Tax ID No. 26-4232753) in the amount of Four Thousand Dollars and Zero Cents ($4,000.00) as full and final settlement of Azzeh's claims for fees and costs. An IRS Form 1099 will be provided to Bravo Law for this amount.

    The checks shall be served upon Bravo Law within seven (7) calendar days after: (1) the Court's approval of the settlement and the dismissal with prejudice of the lawsuit captioned <u>Khader Azzeh vs. Galaxy Telecom Services, Inc. and Salvatore Linary</u>, which is currently pending in the United States District Court for the Southern District of Florida, Case No. 17-60306-CIV-DIMITROULEAS; (2) receipt by counsel for Defendants of an IRS Form W-9 executed by Azzeh and his counsel; (3) receipt by counsel for Defendants of this Agreement with Azzeh's original signature; and (4) expiration of the 7-day revocation period set forth below.

The Defendants makes no representation regarding the taxability of the amounts paid to Azzeh. Azzeh agrees to pay his portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Azzeh agrees to indemnify the Defendants and hold them harmless from any interest, taxes, or penalties assessed against them by any governmental agency as the result of the non-payment of taxes by Azzeh on any amounts paid to him under this Agreement. Azzeh shall be solely and completely responsible for any tax liabilities, including interest and penalties, if any, incurred by him or the Defendants which may arise as a result of Azzeh's non-payment of any taxes owed in connection with the amounts paid to him under this Agreement or amounts paid to him during the entirety of Azzeh's relationship with Defendants.

2. **No Consideration Absent Execution of this Agreement.** Azzeh understands and agrees that he would not receive the monies and/or benefits specified in paragraph "1" above except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release, Claims Not Released, and Related Provisions.**

    a. **General Release of Claims by Azzeh.** Azzeh knowingly and voluntarily releases and forever discharges Galaxy Telecom, its parent corporation(s), affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, its employee benefit plans and programs and their administrators and fiduciaries, as well as Linary, his heirs, executors, administrators, successors, and assigns, (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Azzeh has or may have against Releasees as of the date of execution of this Agreement, including any alleged violation of:

    - The Fair Labor Standards Act;
    - Title VII of the Civil Rights Act of 1964, as amended;
    - Sections 1981 through 1988 of Title 42 of the United States Code;
    - The Employee Retirement Income Security Act of 1974 (except for any vested benefits under any tax qualified benefit plan);
    - The Immigration Reform and Control Act, as amended;
    - The Age Discrimination in Employment Act of 1967;
    - The Americans with Disabilities Act of 1990, as amended;
    - The Worker Adjustment and Retraining Notification Act;
    - The False Claims Act;
    - The Fair Credit Reporting Act;
    - The Family and Medical Leave Act;
    - The Equal Pay Act;
    - The Genetic Information Nondiscrimination Act of 2008;
    - Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.;
    - Florida Whistle Blower, Fla. Stat. § 448.101 et seq.;
    - Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205;

-2-

- Florida Wage Discrimination Law, Fla. Stat. § 448.07;
- Florida Equal Pay Law, Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Florida AIDS Act, Fla. Stat. § 110.1125, § 381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. § 448.075 et seq.;
- Florida OSHA, Fla. Stat. Ann. § 442.018(2);
- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; and
- any basis for recovering costs, fees, or other expenses including attorney's fees incurred in these matters.

b. **General Release of All Claims by Defendants.** Defendants, on behalf of themselves, their offices, directors, board members, owners, shareholders, partners, heirs, executors, administrators, successors, assigns, parent corporations, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, and agents, both individually and in their corporate capacity, knowingly and voluntarily release and forever discharge Azzeh and his heirs, executors, administrators, successors, assigns, attorneys, and agents (collectively "Azzeh Releasees"), of and from any and all claims, known or unknown, asserted or unasserted, which Defendants had, have, or may have against Azzeh Releases in connection with Azzeh's services, labor and other work for Galaxy Telecom.

c. **Claims Not Released.** Azzeh is not waiving any rights he may have to pursue claims which by law cannot be waived by signing this Agreement; to enforce this Agreement; and/or to challenge the validity of this Agreement.

d. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Azzeh from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Azzeh agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies.

e. **Medicare.** The parties have fully considered Medicare's interests pursuant to the Medicare Secondary Payer rules and in doing so, Azzeh has declared that his claims do not involve any illness, injury, incident, or accident in which medical expenses were incurred. Further, Azzeh affirms that as of the date he signs this Agreement, he is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; or has not received Social Security Disability Insurance benefits for 24 months or longer). This affirmation is a material term of this Agreement and without which the Defendants would not have agreed to enter into this Agreement.

Nonetheless, if the Centers for Medicare & Medicaid Services ("CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Azzeh under this settlement, Azzeh agrees to indemnify, defend and

-3-

hold Releasees harmless from any action by CMS relating to medical expenses of Azzeh. Azzeh agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Azzeh is required to indemnify Releasees. Further, Azzeh agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4. **No Rehire and No Possession of Proprietary/Trade Secrets.** Azzeh acknowledges that he shall not apply in the future for employment as an employee, independent contractor, subcontractor, consultant, or otherwise with Releasees. If Azzeh applies for employment with Releasees, Azzeh's application will be rejected. If Azzeh is employed or engaged in any capacity by Releasees, he may be immediately terminated. Azzeh shall have no cause of action against Releasees as a result of any such rejection or termination. Any delay in termination shall not be deemed a waiver of this provision. Further acknowledging, Azzeh does not believe he has in his possession any proprietary or trade secret information belonging to Defendants.

5. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provisions. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release or consideration language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. **Evidentiary Limitations.** The parties agree that neither this Agreement nor the furnishing of consideration for this Agreement shall be used as evidence of wrongdoing by Releasees before any judicial, administrative or regulatory agency, body, or tribunal, or in any proceeding.

7. **Advice of Counsel.** Azzeh acknowledges that he was advised by his counsel at Bravo Law regarding entering into this Agreement, and that he has fully reviewed and understands all terms contained in this Agreement.

8. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

9. **Executed in Counterparts.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement shall have the same effect as an original signature.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Azzeh acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

-4-

AZZEH IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. AZZEH ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HIS SIGNING OF THIS AGREEMENT.

AZZEH MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY AZZEH SIGNS THIS AGREEMENT AND GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JASON D. BERKOWITZ, ESQ., AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO JASON D. BERKOWITZ, ESQ. OR HIS DESIGNEE, OR MAILED TO JACKSON LEWIS P.C., 2 S. BISCAYNE BOULEVARD, SUITE 3500, MIAMI, FLORIDA 33131, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER AZZEH SIGNS THIS AGREEMENT.

AZZEH AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. AZZEH FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE AND RELEASE ALL CLAIMS AZZEH HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date(s) set forth below:

Name: Khader Azzeh
Date: June 07th 2017

Galaxy Telecom Services, Inc.
Name: SALVATORE LINARY
Date: 060817
Title: PRESIDENT

Name: Salvatore Linary
Date: 060917

-5-